UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Steven Ringelberg,

    Plaintiff

v.

Vanguard Integrity Professionals-Nevada, Inc., et al.,

    Defendants

2:17-cv-01788-JAD-PAL

**Order Denying Motions for Default Judgment and to Strike**

[ECF Nos. 32, 38]

    Plaintiff Steven Ringelberg filed a "Motion for Entry of Judgment" asking this court to enter judgment against the defendants under FRCP 55(b)(2) as to liability and "set a schedule for discovery and a trial on damages only" because the defendants have not answered his second amended complaint.[1] There are multiple problems with this request, each of which independently requires its denial.

    First, plaintiff skipped a required step. Rule 55 of the Federal Rules of Civil Procedure, which governs defaults and default judgments, requires that a default be entered before a default judgment can be requested.[2] Because no default against the defendants has been requested or entered, plaintiff's request for a default *judgment* is early.

    Second, even if I construe this motion as one for entry of default, it lacks merit. Rule 55(a) directs the Clerk to default a party who "has failed to plead *or otherwise defend*."[3] "A motion to dismiss constitutes defending an action within the meaning of this rule even if the defendants have

---

[1] ECF No. 32.

[2] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See, e.g., Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

[3] Fed. R. Civ. P. 55(a) (emphasis added).

not filed answers to the complaint."[4]  And the defendants have filed motions to dismiss, entered into a stipulation to transfer this case from the District Court for the District of Columbia to this district, and filed a new motion to dismiss the same day that plaintiff's motion for judgment was filed.[5]  These filings demonstrate an intention to defend and preclude the entry of default.

Finally, before granting a request for default judgment, the court must evaluate several factors including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."[6]  Plaintiff has not addressed these factors at all, let alone demonstrated why they favor default judgment here.  I thus deny the motion for default judgment.

Plaintiff has also moved to strike the defendants' motion to dismiss, arguing that it is procedurally improper.[7]  I find that this procedural objection should be included as an argument in opposition to the motion to dismiss[8], not as a motion to strike the motion.  Accordingly, I deny the motion to strike and direct the plaintiff to simply include this procedural objection as an argument in his opposition to the motion to dismiss.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment **[ECF No. 32] is DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Rule 12(b)(6) Motion and Any Supporting Pleadings or Exhibits **[ECF No. 38] is DENIED**.  Plaintiff is instructed

---

[4] *Song v. Deeds*, 947 F.2d 951 (9th Cir. 1991) (unpublished).

[5] ECF Nos. 15, 20, 21, 34.

[6] *Eitel v. McCool*, 782 F.2d at 1471–72.

[7] ECF No. 38.

[8] ECF No. 34.

to incorporate the subject of the motion to strike into his opposition to the motion to dismiss [ECF No. 34].

Dated this 4th day of August, 2017

_____
Jennifer A. Dorsey
United States District Judge