# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN RINGELBERG,<br><br>Plaintiff,<br>v.<br>VANGUARD INTEGRITY PROFESSIONALS-NEVADA, INC., et al.<br><br>Defendants. | Case No. 2:17-cv-01788-JAD-PAL<br><br>ORDER<br><br>(Mot Prot Ord – ECF No. 57)<br>(Counter Mot Prot Ord – ECF No. 63) |

Before the court are plaintiff's Motion for Protective Order (ECF No. 57), and defendants' Opposition and Countermotion for Entry of Protective Order (ECF No. 63). The court held a hearing on a series of motions in this case on November 7, 2017, and took the current motions under advisement indicating that the court would review the parties' competing proposed forms of protective order and enter a protective order. The parties requested, and received, a referral to the court's ENE program. An ENE was conducted before The Honorable George W. Foley on December 20, 2017, but the parties were unable to reach a settlement, and this case was returned to the normal litigation track. *See* Minutes of Proceedings (ECF No. 79). This order resolves the parties' disputes about disputed terms of a protective order governing confidentiality.

The parties agree that a protective order governing confidentiality for documents disclosed in discovery should be entered. The parties met and conferred and exchanged draft proposed stipulated protective orders, and were able to agree on the majority of its terms. However, the parties reached an impasse with respect to the definition of "confidential information" for purposes of designating documents as confidential in discovery. The parties also disagree about whether *intentional* disclosure of attorney-client or qualified work-product documents in discovery operates as a waiver of privilege.

With respect to the definition of "confidential information," plaintiff proposes a definition that purportedly sets forth an objective description which allows the parties and, if necessary, the court, to determine whether a particular document is entitled to designation as confidential in the event of a dispute. Defendants propose a broader and less restrictive definition of confidential information and also want the ability to designate some documents "highly confidential--attorney client privileged information." Defendants' proposed definition contains a clause that documents may be designated as confidential by a producing party or non-party who reasonably and in good faith contends the information should be protected from disclosure pursuant to the protective order. Plaintiff opposes defendants' definition arguing the open ended "reasonably and in good faith" standard is subjective rather than objective. During oral argument, counsel for plaintiff argued that plaintiff's definition of confidential is consistent with defendants' internal policies concerning confidentiality, and would prevent the defendants from over-designating documents as confidential.

The court will resolve the parties' dispute by defining "confidential information" as information, regardless of how generated, stored, or maintained, or tangible things that qualify for protection under Fed. R. Civ. P. 26(c).

Plaintiff's version of the proposed protective order provides that "the intentional production of privileged materials should constitute a waiver of the privilege." Defendants' version of this section of the draft proposed protective order provides that intentional production of privileged information will not constitute a waiver of the privilege. Plaintiff argues that defendants' proposal that production of privileged documents does not constitute a waiver is contrary to established law, the Federal Rules of Civil Procedure, and a term of the stipulated Discovery Plan and Scheduling Order (ECF No. 48) which the court entered. Additionally, plaintiff requests a 15-day claw back period after discovery of inadvertently produced documents.

Defendants respond that plaintiff's proposed form of protective order fails to protect defendants against disclosure of privileged information that may be necessary for use at trial, and does not contain a sufficient "claw back" clause for inadvertent disclosure of attorney-client communications. Defendants object to a 15-day claw back period after discovery of an inadvertent

production of privileged materials and propose alternative language requiring claw back "as soon as practicable" following discovery of the inadvertent production.

Defendants maintain that there is good cause to enter a protective order permitting defendants "to assert documents necessary to pursue their available defenses and have the ability to claw back those that are inadvertently produced without losing their protected status." Defendants also maintain that because plaintiff acted as in-house counsel for the defendants, and a substantial amount of relevant information involved in this case is privileged, and some of the privileged information supports defendants' defenses, "it is essential that Defendants be permitted to present its defenses without putting any privileges in jeopardy or forever being lost." Defendants reason that they will be required to rely upon privileged documents in this case and "should not be compelled to waive any claims of privilege just because such privileged documents support Defendants' defenses in the litigation." During oral argument counsel for plaintiff disputed that the parties would likely be required to rely on a number of privileged documents to assert their claims and defenses.

Defendants acknowledge that this case is in federal court on federal question jurisdiction, and therefore federal law of privilege applies. However, they argue applicable law permits the court to look to state privilege law. In this case, defendants contend the court should primarily look to federal common law, but may also rely on state law, particularly in Nevada and California. Nevada Revised Statute ("NRS") § 49.095 is Nevada's attorney-client privilege statute. There are exceptions to the privilege codified at NRS 49.115, but defendants concede no statutory exception applies to the facts in this case. Defendants reason that intentional disclosure of privileged materials should not constitute a waiver because an attorney is not permitted to waive the attorney-client privilege on behalf of the client. Rather, the privilege belongs to the corporation because the corporation is the client. In this case, the defendants are the holders of the attorney-client privilege and may need to rely upon privileged materials in their defense of plaintiff's claims. Defendants maintain that they should not be placed in the position of having to choose between presentation of their best defense and preserving a privilege. They should be able to do both, to set forth their best case while preserving their privilege.

Having reviewed and considered the moving and responsive papers and the arguments of counsel, the court will enter a protective order in the form below resolving the parties' disputes. This protective order is entered to facilitate the parties' discovery exchanges. In entering this protective order, the parties have not shown, and this court has not found, that any specific documents are entitled to confidential treatment in this case. The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information under Rule 26(c) of the Federal Rules of Civil Procedure or that disclosure would cause an identifiable and significant harm. Additionally, entry of this protective order does not constitute a finding of good cause, in and of itself, for filing documents produced in discovery under seal in motions or applications filed with the court.

The Ninth Circuit has held that parties seeking to maintain the confidentiality of documents attached to most non-dispositive motions must show good cause exists to overcome the presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); *but see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not the relief sought). Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id*. If a sealing order is permitted, it must be narrowly tailored. *Press-Enterprise Co. v. Superior Ct. of California*, 464 U.S. 501, 512 (1984). Sealing entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

To comply with *Kamakana*, the party who *designates* documents as confidential must submit a memorandum of points and authorities to the court presenting articulable facts that identify the interests in favor of the documents' continued secrecy and showing that these specific interests outweigh the public's strong interest in transparency. If an opposing party files a motion to seal certain documents based on the parties' protective order, the *designating party* is required to file within 14 days an appropriate memorandum of points and authorities making a

particularized showing why the documents should remain under seal or why the designating party should be allowed to file a redacted version. If the designating party fails to timely comply with this order, the motion to seal will be denied and the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

In addition to *Kamakana*, the parties are required to follow the proper CM/ECF procedures for any requests to seal judicial records. The Local Rules of Practice provide that the electronic record is the court's official record and require the Clerk of the Court to maintain the official files in all cases in electronic form. *See* LR IC 1-1. Pursuant to LR IA 10-5, attorneys must file documents under seal using the court's electronic filing procedures:

> Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. If papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ). All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them.

*See* LR IA 10-5(a).

Turning to the parties' dispute concerning privilege waiver for intentionally produced documents, the court notes the parties' stipulated Discovery Plan and Scheduling Order (ECF No. 48) stipulated to provisions governing claims of privilege and attorney work product. In it, the parties stipulated that a party unintentionally producing a document protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other recognized privilege would amend its discovery response and notify the other party that a document was inadvertently produced and should have been withheld within 15 days of discovering its inadvertent disclosure. The parties also stipulated that within 72 hours of receiving notice of an inadvertent production, the requesting party must promptly return the documents and any copies, preserving its right to challenge the assertion of privilege with the court. Defendants' proposed form of protective order would alter the terms of the prior stipulation. Having previously stipulated to these provisions, the court will enforce the parties' stipulation and order regarding inadvertently produced documents and the timeframe for notifying opposing counsel that a privileged document was inadvertently produced as well as the timeframe for returning inadvertently produced documents.

With respect to defendants' request that the court enter an order providing that the intentional production of privileged documents shall not constitute a waiver, the court categorically rejects defendants' non-waiver arguments. As the Advisory Committee Notes to Rule 502(a) make clear, "[t]his subdivision does not alter the substantive law regarding when a party's strategic use in litigation of otherwise privileged information obliges that party to waive privilege regarding other information on the same subject matter, so that the information being used can be fairly considered in context." *See,* Addendum to Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence.

A party may not intentionally put privilege or protected information into litigation in a selective, misleading, or unfair manner. Advisory Committee Notes to Rule 502(a) revised, 11/28/07. Fed. R. Evid. 502(b) was enacted to overcome the holdings of some courts that inadvertent disclosure of protected information results in subject matter waiver of all documents on the same subject matter. *Id.* Rule 502(b) became effective in 2007 and took the middle ground among conflicting approaches taken by the courts regarding the legal effect of inadvertent disclosure of protected communications or information in federal proceedings. *Id.* Rule 502(b) now provides that inadvertent production of privileged or protected materials does not constitute a waiver if the holder of the privilege or qualified protection took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error. *Id.*

Rule 502(d) was enacted to address the rising costs of pre-production privilege review, especially in complex cases involving large amounts of electronically stored information. *Id.* 502(d) was designed to enable a court to enter an order "that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery." *See* Addendum to Advisory Committee Notes, Statement of Congressional Intent Regarding Rule 502 of the Federal Rules of Evidence. The Rule "does not alter the law regarding waiver of privilege resulting from having acquiesced in the use of otherwise privileged information. ... and "does not provide a basis for the court to enable the parties to agree to a selective waiver of the privilege…" *Id.*

Rule 502(e) enables the parties to agree among themselves concerning the effect of disclosures between each other in a federal proceeding. However, the parties' agreement regarding their own disclosures is not binding on non-parties unless it is incorporated in a court order. ("This subdivision does not confer any authority on a court to enter any order regarding the effect of disclosures. That authority must be found in subdivision (d), or elsewhere.") *Id.*

In short, Fed. R. Evid. 502 does not authorize the relief defendants request in its proposed form of protective order.

Controlling Ninth Circuit case law also does not support the relief defendants request. The attorney-client privilege is one of the oldest of the common law privileges. *Upjohn v. United States*, 449 U.S. 383 (1981). Its purpose is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice." *Id.* The Ninth Circuit has adopted Dean Whitmore's articulation of the essential elements of the attorney-client privilege:

(1) Where legal advice of any kind is sought,

(2) from a professional legal advisor in his capacity as such,

(3) the communications relating to that purpose,

(4) made in confidence

(5) by the client,

(6) are at this instance permanently protected

(7) from disclosure by himself or by the legal advisor,

(8) unless the protection is waived.

*In re: Fishel*, 557 F.2d 209 (9th Cir. 1997).

The burden is on the party asserting the privilege to establish all of the elements of the privilege. *United States v. Martin*, 378 F.3d 988, 999-1000 (9th Cir. 2000). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1980). One of the elements the party claiming the privilege must prove is that it has not waived the privilege.

This case is governed by federal common law principles. The Ninth Circuit has plainly held that a party may not selectively waive the attorney-client privilege. It has held that voluntary disclosure to one waives the attorney-client privilege as to the world at large. *In re: Pacific Picture Corp.*, 679 F.3d 1121, 1127 (9th Cir. 2012). There, the Ninth Circuit declined to adopt the selective waiver theory finding that, if it was "to unmoor a privilege from its underlying justification" it would be failing to construe the privilege narrowly." *Id.* at 1128.

The work product doctrine is a "qualified privilege" that protects "certain materials prepared by an attorney acting for his client in anticipation of litigation." *United States v. Nobles*, 422 U.S. 225, 237-38 (1975) (internal quotation marks omitted) ("At its core the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."). The work product doctrine is codified in Fed. R. Civ. P. 26(b)(3) and protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *In re: Grand Jury Subpoena*, 357 F.3d 900, 906, citing *Admiral Insurance Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). An adverse party may obtain documents protected by the work product privilege only upon a showing of substantial need and undue hardship in obtaining the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3). The qualified work product privilege is waived by voluntary disclosure.

The court enters the following protective order governing confidentiality of documents disclosed in discovery using the parties' agreed upon terms, and resolving the parties' disputes as set forth above.

**PROTECTIVE ORDER**

I. **DEFINITIONS**

The following definitions shall apply to this Protective Order:

A. The "Action" shall refer to in the instant litigation originally filed in the United States District Court for the District of Columbia, and transferred to the United States District Court for the District of Nevada, Case No. 2:17-cv-01788-JAD-PAL, and any appeal

thereof through final determination. The "Action" does not refer to any "related case" unless ordered by this Court.

B. "Producing Party" shall mean any person or entity producing documents, information or other materials in the Action, including any Party to the Action, or any third parties.

C. "Party" or "Parties" shall mean the Plaintiff and Defendants in this Action, and any other person that may become a named Party to the Action.

D. "Confidential" information or items means information, regardless of how generated, stored, or maintained, or tangible things that qualify for protection under Fed. R. Civ. P. 26(c).

E. "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL".

F. When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

II. **DESIGNATION OF INFORMATION AND DOCUMENTS**

A. When any document or thing produced under this Protective Order is designated as "CONFIDENTIAL" a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection. When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as CONFIDENTIAL, the response or answer shall be preceded with the appropriate designation.

B. A Producing Party may designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains material that is Confidential as defined in Section I., D. above.

C. The initial failure to designate information or documents as CONFIDENTIAL in accordance with this Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as CONFIDENTIAL. The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as CONFIDENTIAL, which

it had inadvertently failed to designate. Upon receipt of such notice, the receiving Party shall promptly mark its copies of the information or documents so designated, and shall, thereafter, treat the information and documents as if it has been designated CONFIDENTIAL and shall restrict the disclosure or use of the information or documents in accordance with this Protective Order. If the information or documents have previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Protective Order and as though the information and documents were originally so designated.

**III.  LIMITATIONS**

    A. This Protective Order shall govern documents, testimony, information and materials generated or produced in response to any method of discovery conducted by any Party to the Action, and used in the prosecution and defense of the Action.

    B. Persons obtaining access to CONFIDENTIAL information under this Protective Order shall use the information only for the preparation of and the trial in the Action. Persons shall not use such information for any other purpose, including business, commercial, personal, administrative or judicial proceedings.

    C. Nothing in this Protective Order shall restrict in any way the use or disclosure by a Party of information (a) that is or has become publicly known through no fault of the receiving Party; (b) that is lawfully acquired by or known to the receiving Party independent of the Producing Party; or (c) prior to entry of this Protective Order was previously produced, disclosed, and/or provided by the Producing Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

**IV.  PERMISSIBLE DISCLOSURES/ACCESS**

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court and/or to: (a) the Parties in the Action, including their officers, directors and employees, but only to the extent that such disclosure

is necessary for the conduct of litigation in the Action; (b) Outside Counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to the Action or their Outside Counsel to assist in preparation of the Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in the Action; (f) people who have previously received or created the document; and (g) witnesses in the Action who need to review this material in connection with their testimony in the Action. Confidential information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Protective Order and agrees to be bound by the terms of this Protective Order in the form attached hereto as **Exhibit A**.

**V.     DECLASSIFICATION**

Unless otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated "CONFIDENTIAL" in accordance with Section I., D above, shall be treated as such under this Protective Order. In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

At any time, the receiving Party of any document or information designated CONFIDENTIAL may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally. In the event that such attempts are unable to resolve their disputes in the meet-and-confer process, either party may file an appropriate motion with the court challenging or defending the designation of the document as CONFIDENTIAL. The burden is on the party designating the document as CONFIDENTIAL to support its claim of confidentiality. The parties shall treat the documents as CONFIDENTIAL until the Court rules otherwise.

/ / /

/ / /

## VI. DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

A. In the case where Confidential information or documents are used or revealed during a deposition or if a deponent is asked about or shown documents that have been designated as CONFIDENTIAL, under this Protective Order, designation of the transcript or any portion thereof, including the designated documents or other exhibits, as "CONFIDENTIAL" may be made by a statement by a Party, counsel or the witness on the record either during or after conclusion of the deposition. The stenographer transcribing the deposition shall be instructed to affix a Legend to the cover page and all appropriate pages of the transcript, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

B. A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "CONFIDENTIAL" by informing counsel for all other Parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed Confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Protective Order. Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto. During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII. DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS

In the event that any Confidential document or information, or information derived therefrom is included with, or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court, including, without limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal subject to the provisions of LR IA 10-5 until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend, pursuant to LR IA 10-5, "FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER DATED ____" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform

to the labeling requirements set forth in this Protective Order. The Party who has designated such materials as Confidential information shall, within 14 days after the filing of the document under seal, submit a motion to the Court making the showing required under *Kamakana v. City and County of Honolulu*, 447 F.3d 172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016) to sustain the sealed status of such materials. When filings are made under seal, the parties agree to file through the Court's Electronic Case Filing Procedures redacted versions of such filings with any Protected Material removed. In complying with this requirement, the parties shall exercise good faith in redacting Confidential information of other parties.

**VIII. DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION**

Confidential information or documents may be offered in evidence at any hearing or the trial in the Action, provided that the Parties have met, conferred and agreed in advance of the hearing and/or trial as to how the information or documents will be used, including, by way of example, requesting that the Court designate that portion of the transcript containing the Parties' discussion of the Confidential information or documents as Confidential and maintain it under seal, only to be produced to the Parties at their request. If the Parties cannot agree about how the information or documents will be used during a hearing, before or at the time of the hearing, the Party designating such Confidential status may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. If such a motion is made regarding evidence to be introduced at the time of trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

### IX. SUBPOENA BY COURT OR OTHER AGENCIES

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice to any Party which has designated such information Confidential. The Party that received the subpoena shall object to production under Rule 45 of the Federal Rules of Civil Procedure, or any similar rule protecting the production of Confidential documents in that proceeding. After receipt of the notice specified under this paragraph, the designating Party shall be responsible for obtaining any order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

### X. CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

### XI. COPIES OF DESIGNATED INFORMATION

Outside Counsel are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential information. Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal. All copies of any Confidential information or documents shall be treated as provided in this Protective Order. Any Party making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

**XII. DITIONAL RESTRICTIONS FOR CONFIDENTIAL INFORMATION DESIGNATED "CONFIDENTIAL"**

A. If a Producing Party wishes to waive or otherwise reduce the restrictions set forth on the production of Confidential information designated "CONFIDENTIAL," it may do so by agreement in writing with the Receiving Party.

B. A Receiving Party may include excerpts of the Confidential Information designated "CONFIDENTIAL" in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (hereinafter "Court Document" or "Court Documents"), provided that the Court Documents are appropriately marked under this Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

C. The Receiving Party may only include excerpts of Confidential information designated "CONFIDENTIAL" that are reasonably necessary for the purposes for which such part of the Confidential information is used in any Court Documents. To the extent portions of the Confidential information designated "CONFIDENTIAL" are quoted in a Court Document, either: (1) the entire Court Document will be stamped and treated as "CONFIDENTIAL" or (2) those pages containing quoted Confidential information will be separately stamped and treated as "CONFIDENTIAL".

**XIII. NO WAIVER**

The terms and provisions of this Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery.

No Confidential information or documents shall lose such status under this Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order. Counsel to the Parties in the Action shall confer at least five (5) days before any such hearing, trial, or other court proceeding in order to work out any objections to the use of any

Confidential information or documents in such court proceeding and to make such amendments to this Protective Order which the Parties agree are necessary to assure the continued confidentiality of such information.

Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Protective Order are reserved and are not waived by any terms of this Protective Order. The use of Confidential information and documents as evidence at trial shall be subject to this Protective Order unless otherwise agreed to by the Parties or modified by the Court.

The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

The inadvertent production of any document or other information during discovery in the Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

**XIV.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIALS**

A. Inadvertent production of privileged material shall be dealt with in accordance with this court's prior order entered August 24, 2017 (ECF No. 48) and Fed. R. Civ. P. 26(b)(5). The inadvertent production of information that is subject to a claim of any privilege or other protection as trial preparation material shall not constitute a waiver of any privilege or protection, provided that — consistent with the provisions of Fed. R. Civ. P. 26(b)(5) — the Producing Party notifies the receiving Party in writing within 15 days of the Producing Party's discovery of the inadvertent production.

B. Following the Producing Party's written notice of the inadvertent production, the receiving Party shall promptly return, destroy, or delete from its databases all copies of the specified information within 72 hours, and may not rely upon or make use of the inadvertently produced materials and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

C. The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the Producing Party's act of inadvertently producing the information constituted a waiver of the Producing Party's privilege or other protection over the information.

D. Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to other Parties.

## XV. NON-TERMINATION

A. The termination of proceedings in the Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon the final disposition of the Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential. Outside Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential information or documents in any subsequent lawsuit.

B. Within thirty (30) days of the final conclusion of this litigation, including appeals, if requested in writing by the party designating the documents as Confidential Documents, the party seeking disclosure shall return all Confidential Documents, and any copies, abstracts or summaries thereof, to the disclosing party's attorney of record, or certify in writing to the disclosing party's attorney, that they have been destroyed.

C. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Protective Order and the use of this Protective Order.

Having reviewed and considered the moving and responsive papers and for the reasons explained,

**IT IS ORDERED** that plaintiff's Motion for Protective Order (ECF No. 57) and defendants' Countermotion for Protective Order (ECF No. 63) are **GRANTED in part** and **DENIED in part** consistent with the provisions of this order.

DATED this 24th day of January, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A" TO PROTECTIVE ORDER

**UNDERSTANDING AND AGREEMENT REGARDING
"CONFIDENTIAL" INFORMATION AND DOCUMENTS
EXHIBIT A TO PROTECTIVE ORDER**

I hereby state that I have read and received a copy of the Protective Order Governing the Confidentiality of Information and Documents (the "Order') in *Steven Ringelberg v. Vanguard Integrity Professionals – Nevada, Inc., Vanguard Integrity Professionals, Inc.,* Case No. 2:17-cv-1788-JAD-PAL, pending in the United States District Court, District of Nevada (the "Court"). I understand the terms of the Order, agree to be bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Order.

_____
Signature

_____
Printed Name

_____
Dated