UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN RINGELBERG, <br><br> Plaintiff, <br><br> v. <br><br> VANGUARD INTEGRITY PROFESSIONALS – NEVADA, INC., et al., <br><br> Defendants. | Case No. 2:17-cv-01788-JAD-PAL <br><br> **ORDER** <br><br> (Mot. to Unseal – ECF No. 145) |

This matter is before the court on Plaintiff Steven Ringelberg's Motion to Unseal the Exhibits to Plaintiff's Memorandum in Support of his request for a Status Conference to Address Outstanding Issues. (ECF No. 145) filed May 11, 2018. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. No response to the motion was filed and the time for filing a response has now run.

The Motion asks the court to unseal certain exhibits referenced in Plaintiff's Motion for Status Conference (ECF No. 144).[1] However, the entire Motion for Status Conference and all five Exhibits (A, B, C, D, and E) were filed under seal on May 11, 2018. The Motion does not address the sealing status of the Motion for Status Conference and Exhibit C. Plaintiff states that the subject exhibits contain documents that Defendants Vanguard Integrity Professionals-Nevada, Inc. and/or Vanguard Integrity Professionals, Inc. marked "CONFIDENTIAL" prior to production to Plaintiff. He asserts that none of the documents meet the criteria for filing under seal pursuant to *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and the court's

---

[1] It is unclear which documents Plaintiff seeks to unseal. On the first page of the Unsealing Motion, Plaintiff asks the court to unseal "Exhibits A, B, D, and E." However, on the second page, he claims that "Exhibits A, B, C and D" do not meet the criteria for filing under seal. Exhibit C consists of two deposition subpoenas by Plaintiff, which are not marked confidential. Thus, the court will construe the Unsealing Motion as a request to unseal Exhibits A, B, D, and E unless and until Plaintiff indicates otherwise.

1

Protective Order (ECF No. 85). He therefore asks the court to unseal the exhibits. However, because the Motion and its attachments were filed under seal the Clerk of Court did not serve notice electronically via the court's CM/ECF system. The certificate of service attached to the motion certifies that attorney Norr electronically filed the Motion with the Clerk of Court using the CM/ECF system on May 11, 2018 and that the document is being served on counsel for Defendants "in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically." Thus the motion has apparently not been served on opposing counsel.

As the party(ies) who designated the documents confidential, Defendants are required to meet the standards articulated by the Ninth Circuit in *Kamakana* to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought). Under *Kamakana* and its progeny, a party must make a particularized showing to overcome the presumption of public accessibility. The mere fact that one party designated information as confidential under a protective order does not satisfy this standard. Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)"). Additionally, only those portions of the motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal. *See In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents. *See* LR IA 10-5(b) ("The court may direct the unsealing of papers filed under seal, with or without redactions, after

notice to all parties and an opportunity to be heard.").

The court will order the plaintiff to serve the motion and its exhibits on opposing counsel, and file the Motion for Status Conference (ECF No. 144) and Exhibit C as a separate document on the public record. The court will allow Exhibits A, B, D &E which are stamped "Confidential" to remain temporarily sealed to give the defendants an opportunity to file an appropriate memorandum of points and authorities on or before **June 14, 2018**, if they believe they can make a particularized showing why the documents should remain under seal. Pursuant to *Kamakana* and its progeny, any memorandum of points and authorities must set forth either good cause or compelling reasons to support the sealing request.

In addition to *Kamakana*, the parties are required to follow the proper CM/ECF procedures for any requests to seal judicial records. *See, e.g.*, LR IA 10-5; LR IC 1-1. When a motion, declaration, and/or exhibits contains both confidential and non-confidential information, a party must not combine the mixed information into one filing. To streamline the process of sealing or unsealing documents as may be necessary, confidential information must be filed separately from the rest of the motion and/or exhibits under seal (*i.e.*, "Sealed Exhibit(s)"), even if the confidentiality designation is disputed.

The court's review of any sealing or unsealing request in unnecessarily complicated by the parties' failure to follow Ninth Circuit case law, the Local Rules of Practice, and the proper CM/ECF filing procedures. Counsel are responsible for informing themselves and instructing their staff regarding the correct procedures for filing under seal. The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website.

Accordingly,

**IT IS ORDERED:**

1. With respect to filing documents under seal, the parties must comply with: (i) the Local Rules of Practice regarding electronic filing and filing under seal, (ii) the Ninth

Circuit's opinions in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, and (iii) the appropriate CM/ECF filing procedures.

2. Plaintiff Steven Ringelberg shall have until **May 31, 2018** file the Motion for Status Conference (ECF No. 144) and exhibit "C" unsealed on the public docket and **SERVE** both the unsealed and sealed version of motion and its' exhibits on the defendants.

3. The defendants shall have until **June 14, 2018**, to file a memorandum of points and authorities supporting any request to seal Exhibits A, B, D, & E. The memorandum of points and authorities must make a *particularized* showing why the document(s) or redacted portion thereof should remain under seal. The memorandum may also include a supporting declaration or affidavit, a proposed order granting the motion to seal, and, if applicable, a proposed redacted version of the filing.

4. If no memorandum of points and authorities is timely filed in compliance with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 30th day of May, 2018.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE