# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Steven Ringelberg,

    Plaintiff

v.

Vanguard Integrity Professionals-Nevada, Inc., et al.,

    Defendants

Case No.: 2:17-cv-01788-JAD-PAL

**Order Overruling Defendants' Objections and Affirming Magistrate Judge's Order, Granting Leave to File Reply, Denying Motion to Stay as Moot, and Granting in Part Motion for Default**

[ECF Nos. 86, 92, 93, 103, 110]

    Steven Ringelberg filed this suit against his former employer Vanguard Integrity Professionals[1] for various breaches, torts, and statutory violations after he was fired from his position as Vanguard's General Counsel. In February 2018, Magistrate Judge Leen granted Ringelberg's motion for leave to file a third-amended complaint.[2] Vanguard filed objections to Judge Leen's order[3] and moved to stay its obligation to respond to the third-amended complaint while those objections were pending.[4] In response, Ringelberg filed a motion for default because Vanguard had not filed responsive pleading within 14 days of the new complaint. Vanguard also filed moved for leave to file a reply to Ringelberg's response to Vanguard's objections.

    Having extensively reviewed the record and the parties' briefing, I overrule Vanguard's objections and affirm Judge Leen's order. I deny Vanguard's motion for a stay and grant in part Ringelberg's default motion. I also grant Vanguard's motion to file a reply.

---

[1] Because Ringelberg sues both an LLC and corporate entity with similar names, I refer collectively to the various Vanguard entities as Vanguard, singular.

[2] ECF No. 86.

[3] Vanguard titles its objections as a motion for review and appeal of Judge Leen's order. ECF No. 92. I treat the motion as an objection to the order instead. The same standard governs both.

[4] ECF No. 93.

1

## Background

Steven Ringelberg originally filed this lawsuit in the U.S. District Court for the District of Columbia, alleging retaliation in violation of Title VII of the Civil Rights Act, non-payment of various employee benefits that Ringelberg believes he is entitled to, slander, and breach of contract against various Vanguard affiliates. While the case was pending there, Ringelberg twice amended his complaint. The case was transferred to this district in June of 2017, and Vanguard filed a motion to dismiss the second-amended complaint a month later. Upon Vanguard's request, the deadline to amend pleadings was extended to January 2018.[5] In November 2017, Ringelberg moved for leave to file a third-amended complaint.

Ringelberg's new pleading adds claims for breach of contract and intentional misrepresentation against Vanguard.[6] To support his motion, Ringelberg pointed out that he could not add the contract claims while the case was pending in D.C. because the contract has a Nevada forum-selection clause. To support adding his intentional-misrepresentation claim, Ringelberg argued that the claim is based on the same facts discussed in the previous iterations of the complaint and just provides a new legal theory for relief, such that no additional discovery would be needed to address the new claim and adding it would not prejudice Vanguard.

Vanguard opposed the request to amend, arguing that the facts underlying the new claims were known to Ringelberg since he filed his first complaint, so he should have added them then. Vanguard also argued that Ringelberg filed his complaint in D.C. with the knowledge that it would preclude some of his claims, but chose to do so anyway.[7] Vanguard added that Ringelberg's own venue choice should not give him an excuse to file new claims this late in the proceedings.

---

[5] *See* ECF Nos. 65, 84, 88, 89.

[6] The complaint also added Ronn Bailey, the CEO of Vanguard, as a defendant for some of Ringelberg's claims. However, while the motions at issue here were pending, Ringelberg voluntarily dismissed his claims against Bailey. *See* ECF No. 124. So, I don't consider the parties' arguments about whether Bailey's addition was proper.

[7] Ringelberg filed his initial complaint as a pro se plaintiff. Vanguard insists that I should not cut him any slack based on that fact because Ringelberg is an experienced attorney. Ringelberg's past pro se status does not influence my analysis either way.

Judge Leen granted Ringelberg's motion and ordered the third-amended complaint filed as the operative complaint.[8] The simple order granting leave does not reflect the magistrate judge's rationale for allowing amendment.[9] So, Vanguard objects, contending that Judge Leen's decision was erroneous and contrary to law.[10]

Vanguard also asks that I stay its obligation to file a responsive pleading until I rule on its objections. That motion to stay has been pending since February, and Vanguard has not filed a response, despite the expiration of all discovery and dispositive-motion deadlines in this case. Ringelberg responds to the motion to stay with a motion misleadingly captioned as one for default. In it, he asks that I require Vanguard to file its motion to dismiss (if it intends to file one) together with any motion for summary judgment, and that Vanguard be given no more than seven days to file its long-overdue answer.

## Discussion

**I.     Review of the order granting leave to amend (ECF No. 92)**

A district judge may reconsider any pretrial order of a magistrate judge if it is "clearly erroneous or contrary to law."[11] The clearly erroneous standard applies to a magistrate judge's findings of fact.[12] "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[13] A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[14] The district judge

---

[8] ECF No. 86.

[9] *See id.*

[10] ECF No. 93.

[11] 28 U.S.C. § 636(b)(1)(A).

[12] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[13] *Id.* at 622 (internal quotations marks and citation omitted).

[14] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11-cv-00793, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

3

"may affirm, reverse, or modify" the ruling made by the magistrate judge, or remand the ruling to the magistrate judge with instructions.[15]

### A. Leave-to-amend standard

Federal Rule of Civil Procedure 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, or undue prejudice to the opposing party."[16] Undue delay alone is generally an insufficient reason to deny leave to amend.[17]

### B. Judge Leen's ruling was not erroneous or contrary to law.

Vanguard contends that Judge Leen did not properly consider its arguments that Ringelberg's motion to amend his complaint was made in bad faith, was the product of undue delay, and caused undue prejudice to the Vanguard defendants. While Judge Leen's order was brief, it does reflect that she reviewed the motion, Vanguard's opposition, and Ringelberg's reply in making her determination.[18]

Given the broad discretion that judges have when considering motions to amend pleadings and the presumption that leave to amend should generally be granted, I am not left with the firm conviction that Judge Leen's decision was wrong. Ringelberg's motion to amend was filed well within the extended deadline to amend pleadings. While many of the facts underlying his new claims were known to Ringelberg when he filed the first iterations of his complaint, he convincingly demonstrated that no additional discovery burdens would be placed on Vanguard to defend against his new claims. Indeed, when Ringelberg's motion to amend was

---

[15] L.R. I.B. 3-2.

[16] *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011).

[17] *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) ("Refusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder [the purpose of vindicating meritorious claims] while not promoting any other sound judicial policy. Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.").

[18] ECF No. 86.

4

filed, discovery had barely begun and the parties were quarrelling over the content of a protective order before it could begin in earnest.[19] Vanguard's argument of bad faith applies only to Ringelberg's addition of Ronn Bailey as a defendant, which is no longer relevant now that the claims against Bailey have been dismissed.[20]

I am also not convinced that amendment to add breach-of-contract and intentional-misrepresentation claims was futile. Vanguard's futility arguments rely entirely on statements of fact that Ringelberg disputes.[21] Vanguard's disagreement with Ringelberg's version of events is a matter for the jury. It does not provide a basis to deny leave to amend as futile. Reviewing the record as a whole, I find that Judge Leen's decision to grant leave to file Ringelberg's third-amended complaint was not clearly erroneous or contrary to law.

**II.     Vanguard's motion to stay (ECF No. 93)**

Vanguard filed a motion to stay its obligation to respond to the third-amended complaint until I rule on its objections to Judge Leen's order.[22] That motion was filed in February 2018. As of today, approximately four months later, Vanguard has not filed any response to the third-amended complaint, effectively *granting itself a stay* until I rule on the pile of motions concerning this third-amended complaint. Ringelberg contends that Vanguard's unilateral decision to ignore its obligations is not sanctioned by any rule of civil procedure or the local rules in this district. I agree. A motion to stay does not stay a case—only an order granting the motion does. Vanguard is reminded that seeking relief is not the same thing as being granted that relief, and a pending motion is not a license to delay. Deadlines—including the discovery

---

[19] It was Vanguard who moved to extend discovery deadlines—including the deadline to amend pleadings—one week before Ringelberg filed his motion to amend. In that pleading, Vanguard informed Judge Leen that the extension would not prejudice the parties because "the parties are in the pleadings stage of the case and have yet to fully dive into discovery." ECF No. 65 at 3. At that time, Vanguard had "not yet conducted discovery." *Id.* at 4.

[20] ECF No. 124.

[21] ECF No. 92 at 12–13 (breach-of-contract claim futile because Ringelberg breached first), 13–14 (intentional-misrepresentation claim futile because it is contradicted by Ringelberg's 2015 EEOC claim against Vanguard and his other statements).

[22] ECF No. 93.

and dispositive-motion cut-offs—have expired while Vanguard sat on its hands.[23]  So Vanguard's tactical choices are not without consequences.

Vanguard's self-granted stay has now expired.  Now that I have affirmed Judge Leen's ruling, the motion to stay is moot.  I deny it for that reason.

### III.   Ringelberg's "Motion for Default" (ECF No. 103)

Ringelberg also filed a motion entitled "motion for default in responding to the third-amended complaint."[24]  Ringelberg asks that I enter "a finding that [Vanguard is] in default for failing to file and serve a responsive pleading" but then acknowledges that "entry of a default judgment is not warranted because [Vanguard has] clearly been actively defending this action."[25]  Instead, Ringelberg asks that I order that any Rule 12(b)(6) motion to dismiss be combined with Vanguard's motion for summary judgment, given the fact that the dispositive motions deadline was imminent when he filed his motion.  The dispositive motion deadline has now passed, so Vanguard has effectively waived its right to file one unless it successfully moves to re-open that deadline.  So, I deny as moot Ringelberg's request to order any dispositive motions in a combined fashion.  Secondly, Ringelberg asks that I give Vanguard just seven days from this order to file its answer to the third-amended complaint.  I find that a week is a sufficient amount of time to respond, given that Vanguard has already given itself an extra four months to prepare its answer, so I grant that request.

### IV.   Vanguard's motion for leave to file a reply (ECF No. 110)

Vanguard moves to file a reply to Ringelberg's opposition to its objections under Local Rule IB 3-1(a).  Vanguard has shown good cause to file its short reply, so I grant the motion.  I considered Vanguard's reply when ruling on its objections.

**Conclusion**

---

[23] *See* ECF No. 89.

[24] ECF No. 103.

[25] *Id.* at 2.

6

Accordingly, IT IS HEREBY ORDERED that Vanguard's objections **[ECF No. 92] are OVERRULED** and Magistrate Judge Leen's order **[ECF No. 86] is AFFIRMED.**

IT IS FURTHER ORDERED that Vanguard's motion to stay **[ECF No. 93] is DENIED** as moot.

IT IS FURTHER ORDERED that Vanguard's motion to file a reply **[ECF No. 110] is GRANTED.**

IT IS FURTHER ORDERED that Ringelberg's motion for default **[ECF No. 103] is GRANTED in part**. Vanguard has until July 6, 2018, to file an answer to the third-amended complaint.

Dated: June 28, 2018

_____
U.S. District Judge Jennifer A. Dorsey